UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-768 PA (SPx) | Date | December 7, 2018 |
|---|---|---|---|
| Title | Philadelphia Indemnity Insurance Company v. Hollycal Production, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Motion for Summary Judgment (Docket No. 36) filed by plaintiff Philadelphia Indemnity Insurance Company ("Plaintiff"). Defendants Hollycal Production, Inc. ("Hollycal Production"), Pushpindra Sukhwal (a/k/a Paul Sukhwal), Satyam Sukhwal (with Hollycal Production and Pushpindra Sukhwal, the "Insured Defendants"), and Darshan Kamboj (collectively with the Insured Defendants, the "Defendants") have not filed an opposition, so the motion is unopposed. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for December 10, 2018, is vacated, and the matter taken off calendar.

**I.   Background**

   **A.   Procedural Background**

Plaintiff filed its original complaint on April 16, 2018 (Docket No. 1), and its operative First Amended Complaint ("FAC") on April 18, 2018 (Docket No. 10). Plaintiff's claims concern whether Insured Defendants are entitled to coverage under an insurance policy issued by Plaintiff. (See FAC ¶¶ 8–16.) The FAC asserts four claims seeking declaratory relief as to whether (1) Plaintiff owes a duty to defend Insured Defendants in litigation currently pending in state court; (2) Plaintiff must indemnify Insured Defendants under the insurance policy; (3) Insured Defendants must reimburse Plaintiff for defense-related payments; and (4) Insured Defendants must reimburse Plaintiff for any indemnity paid. (See id. ¶¶ 17–26.) On November 8, 2018, Plaintiff filed this Motion for Summary Judgment on all four claims.

   **B.   The Insurance Policy**

Plaintiff issued to National Association of Mobile Entertainers commercial insurance policy number PHPK1276481 (the "Policy"), with a policy period from January 1, 2015 to January 1, 2017. (Docket No. 36-3 ("Compendium of Evidence"), Ex. 1.) Hollycal Production was added to the Policy as an insured certificate holder from August 1, 2015 to August 1, 2016. (Compendium of Evidence, Ex. 2.) Hollycal Production's owner Pushpindra Sukhwal and its employee Satyam Sukhwal both qualify as insureds under the policy. (Compendium of Evidence, Ex. 1, at 45 (establishing that insureds include

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-768 PA (SPx) | Date | December 7, 2018 |
|---|---|---|---|
| Title | Philadelphia Indemnity Insurance Company v. Hollycal Production, Inc., et al. | | |

employees acting within the scope of their employment or while preforming duties related to the business's conduct).)  The policy provides for coverage of bodily injury liability, stating in relevant part as follows:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

(Id. at 36 (emphasis added).)  The Policy also includes a number of exclusions, one of which is an aircraft exclusion, exclusion g.  The aircraft exclusion establishes that the Policy does not apply to:

> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured.  Use includes operation and "loading or unloading."  This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

(Id. at 83 (emphasis added).)  Another similarly-worded exclusion establishes that the Policy does not apply to bodily injury "[a]rising out of the ownership, operation, maintenance, use, loading, or unloading of any flying craft or vehicle, including, but not limited to, any aircraft, hot air balloon, glider, parachute, helicopter, missile or spacecraft."  (Id. at 75.)

        **C.**      **The Underlying Claim and State Court Action**

On October 12, 2016, Plaintiff received notice from Darshan Kamboj that she was injured on April 20, 2016 in Rancho Cucamunga, California when a drone operated by Defendant Satyam Sukhwal made contact with her eye.  (Compendium of Evidence, Ex. 3.)  Defendant Satyam Sukhwal was operating the drone on behalf of Hollycal Productions to photograph a wedding Ms. Kamboj was attending.  (Id.)  Ms. Kamboj claims she lost sight in her eye as a result of the collision.  (Id.)  On December 6, 2016, Plaintiff declined to provide coverage for the claim based on, among other things, the Policy's aircraft exclusions.  (Compendium of Evidence, Ex. 5.)  In March 2017, Ms. Kamboj's counsel responded to Plaintiff's denial of coverage and argued that a drone did not fall within the aircraft

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-768 PA (SPx) | Date | December 7, 2018 |
|---|---|---|---|
| Title | Philadelphia Indemnity Insurance Company v. Hollycal Production, Inc., et al. | | |

exclusions because a "drone equipped with a camera is not capable of transporting persons or cargo," but rather is "unmanned and operated remotely." (Compendium of Evidence, Ex. 6.) Thus, Ms. Kamboj's counsel argued the drone was "a piece of equipment," not "an aircraft or vehicle." (Id.) In response, Plaintiff's counsel reiterated its position that the aircraft exclusions applied to the claim. (Compendium of Evidence, Ex. 7.)

On August 1, 2017, Ms. Kamboj filed a lawsuit against Insured Defendants in San Bernardino County Superior Court, asserting causes of action for general negligence. (Compendium of Evidence, Ex. 8.)[1] In her complaint, Ms. Kamboj alleges she attended a social event where defendants were engaged as professional photographers. (Id.) Ms. Kamboj alleges that defendants owed her a duty of care and negligently "performed their activities," causing her personal injury. (Id.) She seeks recovery for hospital and medical expenses and loss of earning capacity. (Id.) Plaintiff agreed to defend, and is defending, Insured Defendants under a reservation of rights, including the right to recoup defense expenses incurred and any indemnity paid in the underlying action. (See Compendium of Evidence, Ex. 10.)

**II.    Legal Standard**

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). "[T]he burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); see Musick v. Burke, 913 F.2d 1390, 1394 (9th Cir. 1990). The moving party must affirmatively show the absence of such evidence in the record, either by deposition testimony, the inadequacy of documentary evidence, or by any other form of admissible evidence. See Celotex, 477 U.S. at 322. The moving party has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial. See id. at 325.

As required on a motion for summary judgment, the facts are construed "in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). However, the nonmoving party's allegation that factual disputes persist between the parties will not automatically defeat an otherwise properly supported motion for summary judgment. See Fed. R. Civ. P. 56(c). A "mere 'scintilla' of evidence

---

[1]    Plaintiff requests that the Court take judicial notice of Ms. Kamboj's complaint, and Defendants do not oppose the request. Plaintiff's request is granted. See, e.g., Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (court may take judicial notice of court filings and other matters of public record). Because the Court does not consider the other documents in Plaintiff's Request for Judicial Notice, the Request is denied as moot as to the remaining documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-768 PA (SPx) | Date | December 7, 2018 |
|---|---|---|---|
| Title | Philadelphia Indemnity Insurance Company v. Hollycal Production, Inc., et al. | | |

will be insufficient to defeat a properly supported motion for summary judgment; instead, the nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'" Fazio v. City & County of San Francisco, 125 F.3d 1328, 1331 (9th Cir. 1997) (quoting Anderson, 477 U.S. at 249, 252). Otherwise, summary judgment shall be entered.

Here, Plaintiff's Motion for Summary Judgment is unopposed. "A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. Cristobal v. Siegel, 26 F.3d 1488, 1494–95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact). The court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact." Lindsay v. 1777 Westwood Ltd. P'ship, No. 2:17–CV–00333–ODW–MRW, 2018 WL 791114, at *2 (C.D. Cal. Feb. 8, 2018).

**III. Discussion**

    **A. Insurers' Duties to Indemnify and Defend**

        1. Applicable Law

Liability insurance policies "provide that the insurer has a duty to indemnify the insured for those sums that the insured becomes legally obligated to pay as damages for a covered claim." Aerojet-General Corp. v. Transp. Indem. Co., 948 P.2d 909, 919 (Cal. 1997) (citing Buss v. Superior Court, 939 P.2d 766 (Cal. 1997)). An insurer's duty to indemnify "runs to claims that are actually covered, in light of the facts proved. It arises only after liability is established and as a result thereof." Id. (citations omitted); see Montrose Chem. Corp. v. Superior Court, 861 P.2d 1153, 1157 (Cal. 1993).

Liability insurance policies also contain "a duty to defend the insured in any action brought against the insured seeking damages for a covered claim." Aerojet-General, 948 P.2d at 920. The duty to defend "entails the rendering of a service, viz., the mounting and funding of a defense, which is not limited, expressly or otherwise, in order to avoid or at least minimize liability." Id. (citations omitted). "[T]he insurer's duty to defend is broader than its duty to indemnify." Buss, 939 P.2d at 773 (collecting cases). The duty to defend "runs to claims that are merely potentially covered, in light of facts alleged or otherwise disclosed. It arises as soon as tender is made, before liability is established and apart therefrom." Aerojet-General, 948 P.2d at 920 (citations omitted). An insurer's duty to defend "is triggered if specified harm may possibly have been caused by an included occurrence, so long as at least some such harm may possibly have resulted within the policy period." Id. at 920–21. The duty to defend "is discharged when the action is concluded. It may be extinguished earlier, if it is shown that no claim can in fact be covered. If it is so extinguished, however, it is extinguished only prospectively and not retroactively: before, the insurer had a duty to defend; after, it does not have a duty to defend further." Buss, 939 P.2d at 773 (citations omitted). To obtain declaratory relief on the duty to defend, "the insured must prove the existence of a potential for coverage, while the insurer must establish the absence of any such potential." Montrose Chem., 861 P.2d at 1161 (emphasis in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-768 PA (SPx) | Date | December 7, 2018 |
|---|---|---|---|
| Title | Philadelphia Indemnity Insurance Company v. Hollycal Production, Inc., et al. | | |

The scope of the duty to defend "rests on whether the alleged facts or known extrinsic facts reveal a possibility that the claim may be covered by the policy." Atlantic Mutual Ins. Co. v. J. Lamb, Inc., 100 Cal. App. 4th 1017, 1034 (2002) (emphasis in original). "In general, interpretation of an insurance policy is a question of law that is decided under settled rules of contract interpretation. While insurance contracts have special features, they are still contracts to which the ordinary rules of contractual interpretation apply." State v. Cont'l Ins. Co., 281 P.3d 1000, 1004 (Cal. 2012) (citations omitted) (internal quotation marks omitted). "An insurance policy is interpreted according to the plain meaning a layperson would ordinarily give it unless the parties used a word or phrase in a technical sense or it has special meaning due to usage." Emp'rs Mut. Cas. Co. v. Phila. Indem. Ins. Co., 86 Cal. Rptr. 3d 383, 390 (Ct. App. 2008); see AIU Ins. Co. v. Superior Court, 799 P.2d 1253, 1264 (Cal. 1990). "Ambiguities or uncertainties are resolved against the insurance company so that, if feasible, the policy will indemnify the loss to which the insurance relates. These rules exist to protect the insured's reasonable expectation of coverage. Coverage clauses are interpreted broadly and exclusionary clauses are interpreted narrowly." Phila. Indem., 86 Cal. Rptr. 3d at 390 (collecting cases). Still, "the burden is on the insured to bring the claim within the basic scope of coverage, and (unlike exclusions) courts will not indulge in a forced construction of the policy's insuring clause to bring a claim within the policy's coverage." Waller v. Truck Ins. Exch., Inc., 900 P.2d 619, 625–26 (Cal. 1995) (quoting Collin v. Am. Empire Ins. Co., 26 Cal. Rptr. 2d 391, 398–99 (Ct. App. 1994)).

     2.     Analysis

The Policy specifically excludes any bodily injury arising out of the use of an aircraft operated by an insured. (Compendium of Evidence, Ex. 1, at 83.) While the policy does not define the term "aircraft," the term "aircraft" is unambiguous and its ordinary meaning, as defined by Merriam–Webster's Collegiate Dictionary, is "a vehicle (such as an airplane or balloon) for traveling through the air." Aircraft, Merriam-Webster, https://www.merriam-webster.com/dictionary/aircraft (last accessed December 7, 2018); see also Metro. Prop. & Cas. Ins. Co. v. Gilson, No. CV-09-01874-PHX-GMS, 2010 WL 2721906, at *3 (D. Ariz. July 7, 2010), aff'd, 458 F. App'x 609 (9th Cir. 2011) (referring to Merriam–Webster's Collegiate Dictionary's definition of "aircraft" and finding that "because the Tanarg 912's primary purpose is traveling through the air, it falls under the term 'aircraft'"); cf. 49 U.S.C. § 40102(a)(6) (defining aircraft as "any contrivance invented, used, or designed to navigate, or fly in, the air"); 14 C.F.R. § 1.1 (defining aircraft as "a device that is used or intended to be used for flight in the air").

Here, Ms. Kamboj was injured when a drone, hovering at eye level and operated by Defendant Satyam Sukhwal, came into contact with her eye. A drone, as a "vehicle . . . for traveling through the air" is an aircraft under the term's ordinary and plain definition. The ordinary definition of an aircraft does not require the carrying of passengers or cargo. Additionally, that a drone is unmanned and operated remotely does not make it any less of an aircraft. (Cf. Compendium of Evidence, Ex. 7.)

While the allegations in the state court complaint are vague and may leave open the possibility of other damages, Plaintiff received facts from Ms. Kamboj's counsel and Insured Defendants prior to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-768 PA (SPx) | Date | December 7, 2018 |
|---|---|---|---|
| Title | Philadelphia Indemnity Insurance Company v. Hollycal Production, Inc., et al. | | |

tender which detail the injury and leave no possibility of a covered claim. See Riddell, Inc. v. Superior Court, 222 Cal. Rptr. 3d 384, 391 (Ct. App. 2017) ("Extrinsic facts can . . . negate the duty to defend, but only if the facts are undisputed and conclusively eliminate the potential for coverage." (citing Montrose Chem., 861 P.2d at 1159–60)); see also Scottsdale Ins. Co. v. MV Transp., 36 Cal. 4th 643, 655 (2005) ("[I]f, as a matter of law, neither the complaint nor the known extrinsic facts indicate any basis for potential coverage, the duty to defend does not arise in the first instance."). Plaintiff first received notice of the underlying claim on October 12, 2016 when it received a General Liability Notice of Occurrence/Claim (the "Notice") from the claimant's attorney, Anju Multani. In the Notice, the description of the occurrence is as follows: "Holly Cal Productions was taking pictures at a wedding. He used a drom [sic] and flew drom [sic] too low and it struck a patron in the eye. Claimant: Darshan Kamboj**** She has lost vision in eye . . . ." (Compendium of Evidence, Ex. 3.) Additionally, after Plaintiff's claim handler contacted Ms. Kamboj's attorney for additional details, Plaintiff received an email from claimant's counsel, explaining that "[i]t was a prewedding function and [Plaintiff's] insured negligently operated a drone, colliding into [Ms. Kamboj]. She bled profusely as a result. Paramedics were called. She was taken to the ER. She underwent surgery. But now she has . . . lost her eye. She cannot see from it . . . ." (Compendium of Evidence, Ex. 4, at 101.) Finally, after the Insured Defendants tendered their defense to Plaintiff in connection with the underlying action, Plaintiff received an email from Paul Sukhwal on March 5, 2018, describing the event as follows: "[A] female guest of the event and victim, Darshan[] Kamboj, walked directly into an active person-operated aerial camera drone that was hovering steadily at about eye level . . . . [Hollycal Production] was required to creatively operate an aerial camera drone at all of the events . . . . [M]y son, Satyam Sukhwal, took preliminary precautions both before lifting the drone off the ground and while it was actively hovering steadily at eye level . . . ." (Compendium of Evidence, Ex. 9, at 125.) These documents show that Ms. Kamboj's injury only resulted from the operation of a drone and thus could not possibly be covered by the Policy.

The duty to defend turns on the potential for coverage. The duty "is discharged when the action is concluded," Aerojet-General, 948 P.2d at 920, but it "may be extinguished earlier, if it is shown that no claim can in fact be covered," id. at 921 (citing Buss, 939 P.2d 766). Here, the undisputed facts show that Plaintiff has no duty to defend Insured Defendants in the underlying action.

The duty to defend is broader than the duty to indemnify. Because Plaintiff is entitled to summary judgment as to the duty to defend, Plaintiff is also entitled to summary judgment as to indemnity. See Certain Underwriters at Lloyd's of London v. Superior Court, 16 P.3d 94 (Cal. 2001) ("Where there is a duty to defend, there may be a duty to indemnify; but where there is no duty to defend, there cannot be a duty to indemnify." (citing Buss, 939 P.2d at 773 n.10) (emphasis in original)); see also Gorzela v. State Farm Gen. Ins. Co., 223 F. Supp. 3d 989, 996 (C.D. Cal. 2016) (granting summary judgment to insurer on indemnity claim after granting summary judgment on duty to defend claim).[2]

---

[2] Plaintiff also contends that coverage is precluded by other exclusions in its Policy. Having concluded that the aircraft exclusion applies to this claim, the Court need not consider the other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-768 PA (SPx) | Date | December 7, 2018 |
|---|---|---|---|
| Title | Philadelphia Indemnity Insurance Company v. Hollycal Production, Inc., et al. | | |

**B.      Reimbursement of Defense-related Payments and Any Indemnity Paid**

When Plaintiff agreed to defend, Plaintiff reserved its right to seek reimbursement for any defense-related payments and any indemnity paid. At the time Plaintiff filed this Motion for Summary Judgment, Plaintiff had paid defense expenses totaling $17,062.31 and those expenses continue to be incurred. (See Compendium of Evidence, Ex. 14.) Regarding claims that are not potentially covered under insurance policies, an insurer may seek reimbursement for defense costs. See Buss, 939 P.2d at 776 ("California law clearly allows insurers to be reimbursed for attorney's fees and other expenses paid in defending insureds against claims for which there was no obligation to defend." (quotations omitted)). Because the claim here is not even potentially covered by the policy, the duty to defend never arose in the first instance and Plaintiff is entitled to reimbursement of its costs incurred while defending the state court action and any indemnity paid. See Scottsdale Ins. Co. v. MV Transportation, 36 Cal. 4th 643, 660 (2005) ("The insurer should be free, in an abundance of caution, to afford the insured a defense under a reservation of rights, with the understanding that reimbursement is available if it is later established, as a matter of law, that no duty to defend ever arose."). Thus, Plaintiff is entitled to summary judgment on its third and fourth claims.

## Conclusion

For the foregoing reasons, the Court concludes that Plaintiff has no continuing duty to defend Insured Defendants in the state court action and has no duty to indemnify Insured Defendants. As such, Plaintiff is also entitled to reimbursement for defense-related payments and any indemnity paid. Plaintiff thus is entitled to summary judgment on the first, second, third, and fourth claims for relief in the FAC. Plaintiff's Motion for Summary Judgment (Docket No. 36) is granted.

IT IS SO ORDERED.

---

exclusions.